**GARFUNKEL WILD, P.C.**
ATTORNEYS AT LAW

111 GREAT NECK ROAD • GREAT NECK, NEW YORK 11021
TEL (516) 393-2200 • FAX (516) 466-5964
www.garfunkelwild.com

ANDREW L. ZWERLING
Partner Director
Licensed in NY, CT
Email: azwerling@garfunkelwild.com
Direct Dial: (516) 393-2581

FILE NO.: 00112.1485

May 26, 2016

**By ECF**

Hon. Kenneth M. Karas
United States District Judge
Federal Building and U.S. Courthouse
300 Quarropas Street, Chambers 533, Courtroom 521
White Plains, New York 10601-4150

Re: *Brian Viriri v. White Plains Hospital Medical Center*
Docket Number 16-cv-02348

Dear Judge Karas:

We represent Defendant White Plains Hospital Medical Center (the "Hospital") in the referenced matter. We write, pursuant to your Honor's individual rules, to respectfully request a pre-motion conference for permission to move to dismiss Plaintiff's lawsuit. Plaintiff brings this wage and hour lawsuit under the Fair Labor Standards Act and New York Labor Law. Among other substantive flaws, Plaintiff's complaint must be dismissed because it is nothing more than a "cookie-cutter" type pleading that is factually barren, merely parrots the legal standards without alleging the required factual underpinnings, and fails to meet the particularized pleadings required by law. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

**Factual Background**

Plaintiff alleges that he was employed by the Hospital as a registered nurse in the medical surgical unit from "in or around 2009 until in or around August 2013," and then in the Hospital's operating room "from in or around December 2014 until on or around July 13, 2015." (Complaint ¶¶ 1, 15.) Plaintiff is attempting to bring his action as a FLSA Collective Action and a "Class Action" under Rule 23 of the Federal Rules of Civil Procedure. Specifically, Plaintiff brings this action on behalf of himself and "all other similarly situated current and former employees who worked for" the Hospital "as registered nurses on the medical surgical unit or in similar positions." (Complaint, ¶¶ 1, 2.)

Hon. Kenneth M. Karas
May 26, 2016
Page 2

Plaintiff alleges two causes of action, both of which are conceptually linked. The first cause of action is brought pursuant to the FLSA (29 U.S.C. § 201 *et seq.*) for alleged unpaid overtime. The second cause of action is brought pursuant to NYLL § 650 *et seq.*, and for an alleged violation of the New York minimum wage law.

### Plaintiff's FLSA Overtime Claims Must Be Dismissed

A successful FLSA overtime claim must be based on "sufficient factual allegations... rather than a general and conclusory allegation as to the number of hours routinely worked -- whereby the Court can reasonably infer that there was indeed one or more particular workweek(s) in which the plaintiff suffered an overtime violation." *Bustillos v. Acad. Bus, LLC*, 2014 WL 116012, at *4 (S.D.N.Y. Jan. 13, 2014). Construing the complaint liberally, Plaintiff has not met that standard.

The Complaint contains nothing more than boilerplate allegations that provide none of the details required under the applicable pleading standards. In the factual background section of the Complaint, Plaintiff merely alleges that 1) he "regularly" and "often" spent more than forty hours a week working for the Hospital (¶¶37, 49); 2) the Hospital "required" him to "arrive at work earlier than [his] scheduled start time and begin work" and to "work later than [his] scheduled end time (¶¶43, 45);" and 3) the Hospital "did not compensate him for his pre-shift and post-shift work (¶¶42, 44, 46) and otherwise failed to compensate him for the overtime that he allegedly worked (¶59). These allegations are nothing but boilerplate recitations of the FLSA that do not establish a plausible claim for overtime compensation.

Courts have consistently rejected these conclusory allegations. *See e.g., Lundy v. Catholic Health Sys. Of Long Island, Inc.*, 711 F.3d 106 (2d Cir. 2013); *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 195 (2d Cir. 2013); *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 86 (2d Cir. 2013). Not a single paragraph in the Complaint provides any detail regarding the actual dates, or even a single instance of unpaid work, or even the range of weeks, months or years that the unpaid work was performed. Moreover, Plaintiff fails to state how many days a week he worked or how many minutes (or hours) he was allegedly required to work pre and post-shift. Instead, Plaintiff proffers only the conclusory assertions cited above. Without more specific and accurate information as to the number of hours worked in any one given week, the allegations in Plaintiff's Complaint fail as a matter of law and the Complaint should be dismissed.

### Plaintiff's Minimum Wage Claim Under The NYLL Must be Dismissed

Similar to Plaintiff's overtime claim under the FLSA, Plaintiff's NYLL claim also lacks factual allegations necessary to render the pleading legally sufficient. In support of his claim

GARFUNKEL WILD, P.C.

3863114v.4

Hon. Kenneth M. Karas
May 26, 2016
Page 3

under the NYLL, Plaintiff merely alleges that the Hospital failed and refused to pay him "the State minimum wage for each hour worked" and "regularly and repeatedly failed to pay" him "the State minimum wage for each hour worked." (Complaint ¶¶ 62, 63.)

Case law firmly holds that the conclusory assertions in the Complaint are deficient as a matter of law and require dismissal. It is fundamental that an employee cannot state a claim for a minimum wage violation "unless [his] average hourly wage falls below the… minimum wage." *Lundy*, 711 F.3d at 115. In order to sufficiently plead a minimum wage violation, therefore, it is absolutely necessary for a plaintiff not only to specify his or her rate of pay, but to particularize the amount of hours he or she worked in a given week. This is because a plaintiff's average hourly wage is determined "by dividing his total remuneration for employment… in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid." *Cf.*, 29 CFR § 778.109.

Here, Plaintiff contains no allegations as to his rate of pay or the hours he worked in any given week during his years-long tenure at the Hospital. His conclusory assertions of a minimum wage violation are unsupported by any specific facts. *Johnson v. Equinox Holdings, Inc.*, 2014 WL 3058438, at *4 (S.D.N.Y. 2014). There is "no indication that at any time [Plaintiff] worked sufficient unpaid hours that [his] effective hourly wage fell below the minimum wage." *See Bustillos*, 2014 WL 116012, at *1–2 (dismissal where plaintiff merely alleged that "[t]hroughout [his] employment with Defendants, Defendants failed to pay him for all hours that he worked").

Consequently, it is impossible to discern any violation of the NYLL minimum wage law and Plaintiff's minimum wage claim therefore must be dismissed. *See Bojaj v. Moro Food Corp.*, 2014 WL 6055771, at *3 (S.D.N.Y. 2014)(minimum wage claim dismissed where complaint provided no statement of plaintiff's alleged wages and hours); *Johnson v. Equinox Holdings, Inc.*, 2014 WL 3058438, at *3 (S.D.N.Y. 2014)(dismissal where conclusory and unsupported minimum wage allegations were insufficient to raise "more than a mere possibility of a right to relief").

Accordingly, the Hospital respectfully requests a pre-motion conference regarding Defendant's anticipated motion to dismiss the Complaint.

Respectfully submitted,

*/s/ Andrew L. Zwerling*

Andrew L. Zwerling

GARFUNKEL WILD, P.C.

Hon. Kenneth M. Karas
May 26, 2016
Page 4

MK:kla

cc:    Todd Krakower, Esq.
        Salvatore Puccio

Hon. Kenneth M. Karas

GARFUNKEL WILD, P.C.

3863114v.4