UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

BRIAN VIRIRI, on behalf of himself and other
similarly situated,                                   :        Case No.:  7:16-cv-02348

                                                      :

                          Plaintiff,                  :

                                                      :

          -against-                                   :

                                                      :

WHITE PLAINS HOSPITAL MEDICAL CENTER, :

                                                      :

                          Defendant.                  :

                                                      :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

# MEMORANDUM OF LAW IN OPPOSITION TO
# PLAINTIFF'S MOTION FOR
# CONDITIONAL COLLECTIVE CERTIFICATION

GARFUNKEL WILD, P.C.
*Attorneys for Defendant*
111 Great Neck Road
Great Neck, New York 11021
(516) 393-2200

Of Counsel:
Andrew L. Zwerling, Esq.
Salvatore Puccio, Esq.
Michael J. Keane, Jr., Esq.

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................. 1

FACTUAL BACKGROUND AND PROCEDURAL HISTORY ............................................. 3

ARGUMENT ....................................................................................................... 5

POINT I

PLAINTIFF HAS FAILED TO DEMONSTRATE THAT
CONDITIONAL CERTIFICATION IS WARRANTED ................................................... 5

    A.    Legal Standard ..................................................................................... 5

    B.    Plaintiff Has Failed To Set Forth A Common Policy that Violated the FLSA ........... 9

    C.    Plaintiff Has Failed to Present Sufficient Evidence
        That He Was Similarly Situated To Other Registered Nurses ............................... 10

        1.    Plaintiff Cannot Be The Collective Action Representative or Provide
            First-hand Knowledge Because He Was Admittedly Not Employed
            By The Hospital During The Applicable Limitations Period .............................. 11

        2.    Plaintiff's Lone Declaration Based On Undocumented
            And Uncorroborated "Beliefs" and "Understandings"
            Is Legally Insufficient To Permit Conditional Certification ............................. 12

    D.    Individualized Inquiries Within The Proposed
        Collective Would Pervade If Conditional Certification Is Granted ......................... 14

POINT II

THE STATUTE OF LIMITATIONS SHOULD NOT BE TOLLED
IF CONDITIONAL COLLECTIVE ACTION CERTIFICATION IS GRANTED ................. 15

POINT III

PLAINTIFF'S PROPOSED NOTICE AND CONSENT MUST BE
MODIFIED IF CONDITIONAL CERTIFICATION IS GRANTED ...................................... 18

        1.    The Notice Should Include Information Regarding the Hospital's Position ......... 19

        2.    The Proposed Notice Should be Amended to Include
            Information Regarding Plaintiff's Discovery Obligations and Costs.................... 20

        3.    Consent Forms Should Not be Sent Directly to Plaintiff's Attorney ................... 21

4.    There Should Be A Description of Brian Viriri So Potential Opt-In Plaintiffs Can Make An Informed Decision If They Want Him To Be Their Agent ..............................................................................22

5.    The "Legal Effect Of Not Filing The Consent Form" Is Threatening...................22

CONCLUSION ...........................................................................................................................22

4098827v.2

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Anjum v. J.C. Penney Co.,*
No. 13 CV 460 RJD RER, 2015 WL 3603973 (E.D.N.Y. June 5, 2015)................................18

*Boice v. M+W U.S., Inc.,*
130 F. Supp. 3d 677, 693 (N.D.N.Y. 2015)..........................................................................5, 9

*Castro v. Spice Place, Inc.,*
No. 07 Civ. 4657 (RWS), 2009 WL 229952 (S.D.N.Y. Jan. 30, 2009) ...................................5

*Cohen v. Gerson Lehrman Grp., Inc.,*
686 F.Supp.2d 317 (S.D.N.Y.2010) ......................................................................................5

*Cuzco v. Orion Builders, Inc.,*
477 F.Supp.2d 628 (S.D.N.Y.2007) ......................................................................................7

*Diaz v. Elec. Boutique of America, Inc.,*
No. 04-CV-0840E, 2005 WL 2654270 (W.D.N.Y. Oct. 17, 2005).........................................13

*Diaz v. S&H Bondi's Dept. Store, Inc.,*
No. 10 Civ. 7676 (PGG), 2012 WL 137460 (S.D.N.Y. Jan. 17, 2012)...................................20

*Eng-Hatcher v. Sprint Nextel Corp.,*
No. 07 Civ. 7350(BSJ), 2009 WL 7311383 (S.D.N.Y. Nov. 13, 2009)..................................10

*Enriquez v. Cherry Hill Market Corp.,*
No. 10--CV--5616 (FB), 2012 WL 440691 (E.D.N.Y. Feb. 10, 2012) ...................................18

*Gaspar v. Personal Touch Moving, Inc.,*
No. 13–cv–8187 (AJN), 2014 WL 4593944 (S.D.N.Y. Sept. 15, 2014)...................................16

*Greene v. C.B. Holding Corp.,*
No. 10-cv-1094, 2010 WL 3516566 (E.D.N.Y. Aug. 12, 2010) ...............................................6

*Gunawan v. Sake Sushi Rest,*
897 F.Supp.2d 76 (E.D.N.Y. 2012) ......................................................................................16

*Hallissey v. America Online, Inc.,*
No. 99-CIV-3785 (KTD), 2008 WL 465112 (S.D.N.Y. Feb. 19, 2008) .................................20

*Hernandez v. Immortal Rise, Inc.,*
No. 11 CV 4360 (RRM)(LB), 2012 WL 4369746 (E.D.N.Y. Sept. 24, 2012) .....................20

iii

*Hernandez v. Merrill Lynch & Co.*,
    No. 11 Civ. 8472 (KBF), 2012 WL 1193836 (S.D.N.Y. Apr. 6, 2012) ................................. 19

*Hintergerger v. Catholic Health System*,
    No. 08-cv-380S, 2009 WL 3464134 (W.D.N.Y. Oct. 21, 2009) ........................................... 16

*Hoffmann v. Sbarro, Inc.*,
    982 F. Supp. 249 (S.D.N.Y. 1997) .................................................................................... 15

*Hosking v. New World Mortgage, Inc.*,
    602 F. Supp. 2d 441 (E.D.N.Y. 2009) ............................................................................... 17

*Iavorski v. United States I.N.S.*,
    232 F.3d 124 (2d Cir. 2000) ........................................................................................ 15, 16

*Khan v. Airport Management Servs., Inc.*,
    No. 10 Civ. 7735, 2011 WL 5597371 (S.D.N.Y. Nov. 16, 2011) ............................................ 6

*Kuznyetsov v. West Penn Allegheny Health Sys.*,
    2014 WL 5393182 (W.D. Penn. Oct. 23, 2014) .................................................................. 20

*Laroque v. Domino's Pizza, LLC*,
    557 F.Supp.2d 346 (E.D.N.Y. 2008) .................................................................................. 8

*Lee v. ABC Carpet & Home*,
    236 F.R.D. 193 (S.D.N.Y. 2006) ........................................................................................ 5

*Levinson v. Primedia Inc.*,
    No. 02 Civ. 2222 (CBM), 2003 WL 22533428 (S.D.N.Y. Nov. 6, 2003) ......................... 7, 10

*Lin v. Benihana Nat'l Corp.*,
    755 F. Supp. 2d 504 (S.D.N.Y. 2010) ........................................................................... 6, 10

*Lochridge v. Lindsey Mgmt. Co.*,
    824 F.3d 780 (8th Cir. 2016) ........................................................................................... 20

*Lujan v. Cabana Management, Inc.*,
    No. 10–CV–755, 2011 WL 317984 (E.D.N.Y. Feb. 1, 2011) ................................................ 7

*Maldonado v. La Nueva Rampa, Inc.*,
    No. 10 Civ. 8195, 2012 WL 1669341 (S.D.N.Y. May 14, 2012) ......................................... 16

*Mark v. Gawker Media LLC*,
    No. 13-CV-4347 AJN, 2014 WL 5557489 (S.D.N.Y. Nov. 3, 2014) ................................... 17

*Martin v. Sprint/united Mgmt. Co.*,
    No. 15 CIV. 5237 (PAE), 2016 WL 30334 (S.D.N.Y. Jan. 4, 2016) ............................... 17, 18

4098827v.2

*McGlone v. Contract Callers, Inc.*,
   867 F.Supp.2d 438 (S.D.N.Y. 2012) .................................................................. 17

*Mike v. Safeco Ins. Co. of Am.*,
   274 F. Supp. 2d 216 (D. Conn. 2003) .................................................................. 13

*Monger v. Cactus & Spa's LLC*,
   No. 08--CV--1817 (FB), 2009 WL 1916386 (E.D.N.Y. July 6, 2009) ................................ 10

*Morales v. Plantworks, Inc.*,
   No. 05 Civ. 2349, 2006 WL 278154 (S.D.N.Y. Feb. 2, 2006) ........................................ 6, 7, 10

*Myers v. Hertz Corp.*,
   624 F.3d 537 (2d Cir. 2010) ............................................................................ 4, 5

*Ouedraogo v. A–1 Int'l Courier Serv., Inc.*,
   No. 12--cv–5651 (AJN), 2013 WL 3466810 (S.D.N.Y. July 8, 2013) ................................ 16

*Prizmic v. Armour, Inc*,
   No. 05-CV-2503 (DLI)(MDG), 2006 WL 1662614 (E.D.N.Y June 12, 2006) ................... 5, 6, 7

*Romero v. H.B. Automotive Group, Inc.*,
   No. 11 Civ. 386, 2012 WL 1514810 (S.D.N.Y. May 1, 2012) ........................................ 6

*Salomon v. Adderley Industries, Inc.*,
   847 F.Supp.2d 561 (S.D.N.Y.2012) .................................................................... 9

*Saunders v. City of New York*,
   594 F.Supp.2d 346 (S.D.N.Y.2008) .................................................................... 16

*Vasto v. Credico (USA) LLC*,
   No. 15 CIV. 9298 (PAE), 2016 WL 2658172 (S.D.N.Y. May 5, 2016) .............................. 17

*Whitehorn v. Wolfgang's Steakhouse, Inc.*,
   767 F. Supp. 2d 445 (S.D.N.Y. 2011) .................................................................. 15

*Zerilli-Edelglass v. New York City Transit Auth.*,
   333 F.3d 74 (2d Cir. 2003) ............................................................................. 15, 16

*Zheng v. Good Fortune Supermarket, Inc., et al.*,
   2013 WL 5132023 (E.D.N.Y. Sept. 12, 2013) ....................................................... 7, 8, 12

**Statutes**

29 U.S.C. § 216(b) ........................................................................................ 5, 20

29 U.S.C. § 255(a) ........................................................................................ 15

29 U.S.C. § 256(b) ........................................................................................ 15

4098827v.2

## PRELIMINARY STATEMENT

Defendant White Plains Hospital Medical Center (the "Hospital") respectfully submits the following opposition to Plaintiff's Motion for Conditional Collective-Action Certification and for Court-Approved Notice to the Collective Action Class ("Plaintiff's Motion"). Plaintiff's motion should be denied because Plaintiff has presented no basis upon which this Court could find that a class of similarly situated individuals exists. Rather, Plaintiff simply argues that individuals with a similar job title should be considered "similarly situated" for FLSA purposes, an argument, without more, that has been rejected by courts throughout this Circuit. Indeed, the only proof offered on Plaintiff's Motion is the self-serving declaration of Plaintiff that is admittedly based on his "understandings and observations" and alleged, but undocumented or corroborated, "conversations" with unidentified persons. Notwithstanding that declarations and pleadings may meet the modest threshold to obtain conditional certification, Plaintiff's Motion lacks the minimum basic support required under the FLSA. Indeed, and as explained below, cases in which plaintiffs have offered the same paltry singular declarations based on nothing more than "observations" have resulted in denial of such motions. Moreover, Plaintiff was not even employed by the Hospital at any point in time during the governing FLSA time period. Therefore, by definition, Plaintiff lacks personal knowledge to attest to facts that make him and potential opt-in plaintiffs similarly situated.

Further undermining Plaintiff's motion are the individualized allegations in the Complaint and Plaintiff's declaration, which demonstrate that the defense of this claim will turn on individualized and particularized inquiries of each employee. Indeed, Plaintiff has failed to identify the existence of an unlawful common policy, practice, or scheme that violates the law. For example, there is nothing in Plaintiff's pleading or motion that demonstrates, let alone

1

suggests, that the other potential opt-in plaintiffs worked the same schedule as Plaintiff or were subject to the same alleged requirement to work for example during lunch, pre-shift, and post-shift. Moreover, Plaintiff, and the other potential opt-in plaintiffs, are all subject to a well-recognized exemption under the FLSA that exempts registered nurses from overtime. This factor is relevant to this inquiry in that it ties into the particularized nature of the motion for conditional certification. Whether or not this exemption will be applicable based on the facts alleged in the pleading will be a case-by-case determination to determine if the exemption applies or was waived. For this additional reason, Plaintiff's motion should be denied.

Granting conditional certification on this non-existent record will only set in motion months, if not years, of litigation with the inevitable conclusion that decertification is required because the Court cannot resolve the claims of the potential opt-in plaintiffs collectively. This Court should not go down this path absent proof and confidence that Plaintiff has established that the other employees Plaintiff seeks to represent within the medical surgical department are truly sufficiently similarly situated. But here, that evidence is lacking; Plaintiff does not come close to establishing that he is similarly situated to other employees.

To the extent that the Court grants Plaintiff's motion for conditional certification – which for the reasons stated herein it should not – the notice proposed by Plaintiff is deficient and must be revised by the Court before it can be approved for dissemination. Among other problems with the proposed notice is its failure to include a fair recitation of the Hospital's position to the lawsuit, the process of discovery and costs must be referenced, consent forms should not necessarily be sent to Plaintiff's retained counsel, and the consent needs to be limited to this lawsuit. For these reasons among others, the proposed notice must be modified if the Court were to grant this motion.

4098827v.2

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff brings this lawsuit alleging violations under the Fair Labor Standards Act and New York Labor Law. Amended Complaint, ¶¶ 1-2. Plaintiff brings this lawsuit on behalf of himself and other alleged potential putative class members. *Id.*, ¶ 2. As alleged, Plaintiff was a registered nurse in the Hospital's medical surgical unit from 2009 until approximately August 2013, when Plaintiff voluntarily resigned. *Id.*, ¶ 15. Plaintiff is seeking conditional certification of his FLSA claims for the period October 20, 2013 through the present. *See* Plaintiff's Proposed Notice Of Pendency Of FLSA Lawsuit (the "Notice") at Exhibit B to Declaration of Todd Krakower dated October 20, 2016 ("Krakhower Dec."). Based upon Plaintiff's own allegations, he was not employed at the Hospital during the applicable limitations period governing this proposed collective action. Amended Complaint, ¶15; Krakhower Dec., Exhibit B. The Hospital responded to Plaintiff's Complaint, denied the material allegations therein, and asserted several affirmative defenses to Plaintiff's claims. *See* Docket No. 27.

Plaintiff alleges that he, and other registered nurses on the medical surgical unit, were paid on an hourly basis. Amended Complaint, ¶¶ 33, 36. Plaintiff also alleges that he was entitled to overtime pay for weeks in which he worked more than forty hours per week. *Id.*, ¶ 71. Plaintiff claims to have worked more than forty hours per week at the Hospital's request for which he was not compensated overtime. *Id.*, ¶¶ 61-62. Plaintiff's generalized description of his hours worked is as follows: he was generally scheduled to work three or four shifts per week (Amended Complaint, ¶ 43), each shift was twelve hours and fifteen minutes (*Id.*, ¶ 42), and Plaintiff was allegedly required to begin work fifteen minutes before his scheduled shift and work one to two hours after his scheduled shift end time. *Id.*, ¶ 48, 52. Plaintiff claims that he

4098827v.2

was not paid for overtime for the pre-shift and post-shift hours worked and that he was only paid on a predetermined schedule. *Id.*, ¶ 62.

Relevant to this motion for conditional certification, Plaintiff claims, in pure conclusory fashion, that the other registered nurses in the medical surgical unit were subject to the same general schedule and payment as Plaintiff and that they too were not compensated overtime pay. *See generally*, Declaration of Brian Viriri dated October 14, 2016. Plaintiff's support for this motion is the lone declaration of himself. Plaintiff's basis that other registered nurses were not paid overtime is based solely on his alleged, but unidentified, "observations" and supposed "conversations" with other registered nurses. *Id.*, ¶¶ 3-4. Plaintiff, however, fails to identify what, if anything, he actually observed to reach his conclusions or to whom, if anyone, he spoke. *Id.* Plaintiff also declares that other registered nurses worked the same schedule as he did. *Id.*, ¶¶ 5-20. Plaintiff's declaration fails to identify a single other registered nurse whom he actually observed work these alleged hours or whom he spoke to in order to confirm that said individuals did not receive actual overtime pay for the alleged additional time worked. *Id.* Also, to reiterate, Plaintiff was not employed at the Hospital during the application limitations period governing this proposed collective action and therefore lacks firsthand knowledge of the Hospital's overtime practices during that time frame. Amended Complaint, ¶ 2.

4

# ARGUMENT

## POINT I

### PLAINTIFF HAS FAILED TO DEMONSTRATE THAT CONDITIONAL CERTIFICATION IS WARRANTED

**A.    Legal Standard**

Courts should only conditionally certify a collective action and facilitate notice in "appropriate cases." *Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010) (citing *Hoffmann-- La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989)).   In this Circuit, in order to warrant conditional certification under 29 U.S.C. § 216(b), a plaintiff must provide sufficient factual support to meet his "modest" burden to establish that he is similarly situated with respect to a common policy that is a violation of the FLSA, *i.e.*, that "he and potential plaintiffs together were victims of a common policy or plan that violated the law." *See Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 197 (S.D.N.Y. 2006) (internal citations omitted); *see also Myers*, 624 F.3d at 554; *Castro v. Spice Place, Inc.*, No. 07 Civ. 4657 (RWS), 2009 WL 229952, at *3 (S.D.N.Y. Jan. 30, 2009) (denying certification as plaintiffs did not make the necessary showing that the alleged actions were a reflection of a common policy, maintained by all defendants, in violation of the FLSA); *Prizmic v. Armour, Inc*, No. 05-CV-2503 (DLI)(MDG), 2006 WL 1662614, at *3 (E.D.N.Y June 12, 2006) (denying conditional collective action certification, as plaintiff failed to provide any facts for his claim that a class of similarly situated plaintiffs exists to warrant disclosure of the names and addresses of potential plaintiffs).

The FLSA does not define "similarly situated"; however, in assessing whether the potential plaintiff has met his or her burden, "district courts in this circuit look to the (1) disparate factual and employment settings of the individual plaintiffs; (2) defenses available to

5

defendant which appear to be individual to each plaintiff; and (3) fairness and procedural considerations counseling for or against notification to the class." *Boice v. M+W U.S., Inc.*, 130 F. Supp. 3d 677, 693 (N.D.N.Y. 2015) (quoting *Laroque v. Domino's Pizza, LLC*, 557 F.Supp.2d 346, 352 (E.D.N.Y. 2008) (internal quotation marks and additional citations omitted)). A plaintiff's burden at the first step may be satisfied with "substantial allegations" of a factual nexus between named plaintiffs and potential opt-in plaintiffs with regard to their employer's alleged FLSA violation. *Cohen v. Gerson Lehrman Grp., Inc.*, 686 F.Supp.2d 317, 326 (S.D.N.Y.2010) (quoting *Ayers v. SGS Control Servs., Inc.*, 03–CV–9078 (RMB/RLE), 2004 WL 2978296, at *5 (S.D.N.Y. Dec. 21, 2004)).

Conditional certification is only appropriate when the representative plaintiff sets forth factual allegations – not conclusory or unsupported allegations – demonstrating a factual nexus between the representative plaintiff's situation and the situation of those individuals he or she asserts are "similarly situated." *See Greene v. C.B. Holding Corp.*, No. 10-cv-1094, 2010 WL 3516566, at *3 (E.D.N.Y. Aug. 12, 2010) ("A plaintiff must provide evidence of a factual nexus between his situation and those of claimants similarly situated; mere conclusory allegations are not enough."); *Prizmic*, 2006 WL 1662614, at *2 (stating that a representative plaintiff "must provide actual evidence of a factual nexus between his situation and those that he claims are similarly situated rather than mere conclusory allegations.").

In considering whether the representative plaintiff has satisfied the burden of proving he is similarly situated to those he seeks to represent, courts will examine the representative plaintiff's pleading and the declarations submitted by the plaintiff and any potential opt-in plaintiffs. *See Lin v. Benihana Nat'l Corp.*, 755 F. Supp. 2d 504, 509 (S.D.N.Y. 2010). When the pleadings and declarations submitted by a representative plaintiff do not establish the

6

required factual nexus or are based on conclusory assertions, conditional certification should be denied. *See Romero v. H.B. Automotive Group, Inc.*, No. 11 Civ. 386, 2012 WL 1514810, at *10 (S.D.N.Y. May 1, 2012) (denying conditional certification because "Plaintiff's 'modest factual showing cannot be satisfied simply by unsupported assertions' " and that "[c]onclusory allegations are not enough[.]") (quoting *Myers*, 624 F.3d at 555); *Khan v. Airport Management Servs., Inc.*, No. 10 Civ. 7735, 2011 WL 5597371, at *4-5 (S.D.N.Y. Nov. 16, 2011) (denying conditional certification because plaintiff relied exclusively on conclusory allegations); *Morales v. Plantworks, Inc.*, No. 05 Civ. 2349, 2006 WL 278154, at *3 (S.D.N.Y. Feb. 2, 2006) (denying conditional certification because plaintiffs offered only conclusory and unsupported allegations in support of their motion); *Levinson v. Primedia Inc.*, No. 02 Civ. 2222 (CBM), 2003 WL 22533428, at *2 (S.D.N.Y. Nov. 6, 2003) (denying conditional certifications where plaintiffs merely alleged that they were not paid overtime or the minimum wage, but provided no factual evidence other than their own conjecture that other employees suffered from the same unlawful pay practices). Courts within this Circuit routinely deny requests for conditional certification based on "mere allegations" to support the plaintiff's claim that he and other employees were subject to a common policy or practice. *See Morales*, 2006 WL 278154 (denying preliminary certification because, among other reasons, the only support for plaintiffs' claim that they were subject to a common policy of being denied overtime was claim complaint that there were "over 20 current and former employees that are similarly situated to Plaintiffs and have been denied minimum wage and overtime compensation while working for Defendants."); *Prizmic*, 05–CV–2503, 2006 WL 1662614, at *3 (denying certification where plaintiff "had not submitted any evidence by affidavit or otherwise to demonstrate that he and other potential plaintiffs were victims of a common policy or plan that violated the law"). Notably, Plaintiff is not even

7

claiming a violation of a common policy. Rather, he merely alleges the more generic, conclusory position that other employees are similarly situated, without any offer of proof. *See Prizmic*, 2006 WL 1662614, at ¶ 2.

In particular, the approach taken here by Plaintiff to obtain conditional certification based solely on his "observations" and "understandings," without more, has been squarely rejected by courts throughout this Circuit. *See e.g., Zheng v. Good Fortune Supermarket, Inc., et al.*, 2013 WL 5132023, at *2 (E.D.N.Y. Sept. 12, 2013); *Lujan v. Cabana Management, Inc.*, No. 10–CV–755, 2011 WL 317984, at *7 (E.D.N.Y. Feb. 1, 2011); *Cuzco v. Orion Builders, Inc.*, 477 F.Supp.2d 628 (S.D.N.Y.2007) (allowing preliminary certification but noting that, if all the court had to rely on was the plaintiff's complaint and his declaration, such would not likely have provided a sufficient basis for preliminary certification.); *Laroque v. Domino's Pizza, LLC*, 557 F. Supp. 2d 346, 356 (E.D.N.Y. 2008) ("Although plaintiffs' burden at this stage of the proceedings is modest, the court cannot justify certifying a class of plaintiffs, likely numbering in the hundreds, on the basis of such thin factual support. Accordingly, plaintiffs' motion for certification is denied with respect to the employees of the Brooklyn Area Stores").

In *Zheng*, in support of her motion for preliminary certification, the plaintiff offered her own declaration which stated that she " 'observed that other supermarket clerks did work that was the same or similar to the work [she] did' " and "other (unidentified) clerks 'were similarly compensated and worked similar schedules.'" Based on this submission, which is nearly identical to the proof offered on this motion by Plaintiff, the Court held:

> Plaintiff's submissions include insufficient evidence of a common policy or plan subjecting Good Fortune Supermarket clerks to time shaving during meal breaks. Although plaintiff states that "[she] observed that the time worked by employees was not accurately reflected by the defendants' time keeping system due to time

8

shaving," Zheng Decl. ¶ 3, she neither identifies these employees nor explains the basis for her observations. Instead, plaintiff merely restates her conclusory factual allegations in a variety of forms. For example, plaintiff states that, "[b]ased on [her] personal observation, other supermarket clerks were subject to the same time shaving policy." *Id.* Plaintiff also asserts that other Good Fortune Supermarket clerks informed her "that they suffered the same illegal policies," *id.* ¶¶ 3–4, but she does not identify a single fellow employee who so informed her. Nor does plaintiff identify a source for her contentions that defendants failed to provide her coworkers with proper pay stubs or other written notice of wages. *See id.* ¶¶ 5–6.7. In sum, as the Good Fortune defendants correctly observe, plaintiff has made "no effort to detail the precise mechanisms by which she observed any other clerk being injured." Def. Mem. at 4. This failure is fatal to plaintiff's motion.

On the facts here, Plaintiff's motion should be denied because Plaintiff has failed to offer the requisite proof that other employees at the Hospital were similarly situated. There is simply no support for Plaintiff's speculation. *See* pp. 3-4, *supra.*

**B.    Plaintiff Has Failed To Set Forth A Common Policy that Violated the FLSA**

The court's role at this stage is simply to determine whether the plaintiff has sufficiently alleged that he and other employees were victims of a common compensation policy that violated the FLSA. As repeatedly noted by courts in this Circuit, the relevant issue "is not whether Plaintiffs and [potential opt-in plaintiffs] were identical in all respects, but rather whether they were subjected to a common policy to deprive them of overtime pay when they worked more than 40 hours per week." *Salomon v. Adderley Industries, Inc.*, 847 F.Supp.2d 561, 565 (S.D.N.Y.2012) (citation omitted). Thus, the "similarly situated" assessment focuses on the features that make the policy or practice unlawful. *Boice*, 130 F. Supp. 3d at 695.

Plaintiff's motion fails to address or allege any policy or practice that is unlawful. Rather, the entirety of Plaintiff's argument is that each potential putative class member worked overtime for which they were not compensated. As discussed below in Point I.D, that is an

9

individualized inquiry determined on a case-by-case basis. Here, however, there is no allegation of a policy or practice that runs afoul of the FLSA, such as a misclassification of exempt status. Indeed, the Complaint makes plain that Plaintiff's claims relate to alleged individualized FLSA violations, not a policy. *See e.g.*, Amended Complaint, ¶ 41: "Defendant did not accurately record the amount of hours worked by Plaintiff and the other FLSA Collective Plaintiffs..." This allegation is indicative of a violation on a per employee basis, not based on a common policy or practice that allegedly may run afoul of the FLSA.

Accordingly, Plaintiff's motion for conditional certification should be denied.

**C.     Plaintiff Has Failed to Present Sufficient Evidence
        That He Was Similarly Situated To Other Registered Nurses**

Case law is clear that Plaintiff's unsupported allegations regarding his individual circumstances fall far short of plausibly suggesting that a proposed collective action is appropriate. *See Lin v. Benihana Nat'l Corp.*, 755 F. Supp. 2d 504, 510 (S.D.N.Y. 2010) (although plaintiff stated that he observed other employees being improperly paid, since he failed to describe how any of them were paid or their job duties, his allegations were too conclusory to establish he requisite factual nexus with other members of the putative collective action); *Eng-Hatcher v. Sprint Nextel Corp.*, No. 07 Civ. 7350(BSJ), 2009 WL 7311383, at *5 (S.D.N.Y. Nov. 13, 2009) (holding that the plaintiff failed to meet the modest factual showing by the courts when attempting to impute her own limited experience on a multi-state class); *Monger v. Cactus & Spa's LLC*, No. 08--CV--1817 (FB)(WDW), 2009 WL 1916386, at *2 (E.D.N.Y. July 6, 2009) (denying conditional certification as "plaintiffs' only evidence that other locations' employees are similarly situated is that they 'believe' that all hair stylists and shampoo assistants are subject to the same policies. They offer no basis for this belief; they name no individuals at

other salons who are similarly situated; and they provide no documentary evidence that policies are the same at different Cactus Salon locations"); *Morales*, 2006 WL 278154, at *2 (S.D.N.Y. Feb. 2, 2006) (denying collective action certification because plaintiffs' evidence "contain no reference to any *Plantworks* employee other than plaintiffs, and they make no allegation of a common policy or plan to deny plaintiffs overtime"); *Levinson*, 2003 WL 22533428, at *1 ("While plaintiffs have provided factual assertions in support of the claim that they were in an employee-employer relationship with defendants, and that they were deprived of a minimum wage and overtime rates, they have failed to make a sufficient showing that the same was true for other potential plaintiffs.").

1.   Plaintiff Cannot Be The Collective Action Representative or Provide
      First-hand Knowledge Because He Was Admittedly Not Employed
      By The Hospital During The Applicable Limitations Period

As a starting point, Plaintiff cannot serve as the class representative because he was not employed by the Hospital during the relevant statutory time period governing the conditional certification motion. More specifically, he has no personal knowledge to attest that potential opt-in Plaintiffs are or were similarly situated to him. Plaintiff alleges that he was employed as a registered nurse in the Hospital's medical surgical unit from 2009 through August 2013. Amended Complaint, ¶ 15. The time period covering Plaintiff's proposed Notice for conditional certification, however, is October 20, 2013 through the present. On these facts, Plaintiff was not even employed by the Hospital in the medical surgical unit for the relevant time period. Therefore, it is factually impossible for Plaintiff to have firsthand personal knowledge of the practices and policy in the medical surgical unit during this time period. Accordingly, the averments in Plaintiff's Declaration are meaningless to the issue of demonstrating that the

potential opt-in plaintiffs were similarly situated to Plaintiff. Plaintiff cannot say one way or another if the same is true. As such, Plaintiff is an improper representative for this class.

More specifically, Plaintiff's basis for obtaining conditional certification as set forth in his Declaration are his "understandings and observations" from his time in the medical surgical unit. *See* Viriri Dec., ¶¶ 1-5. Those "understandings and observations" all relate to the schedules the other registered nurses supposedly worked, the hours they supposedly worked beyond their predetermined schedules, and Hospital's alleged failure to pay those nurses overtime for the time period **October 20, 2013** through the present. *Id.*, ¶¶ 6-20. The problem with Plaintiff's argument, however, is that he was not present in the medical surgical unit after **August 2013** to observe any of these facts! By definition, Plaintiff, therefore, lacks personal knowledge that any of these facts allegedly occurred or that a FLSA violation existed. As such, these is absolutely no proof that Plaintiff is similarly situated to the potential opt-in plaintiffs.

2.   Plaintiff's Lone Declaration Based On Undocumented
     And Uncorroborated "Beliefs" and "Understandings"
     Is Legally Insufficient To Permit Conditional Certification

Here, the only support for Plaintiff's request for conditional certification is the self-serving, uncorroborated Declaration of Plaintiff. There is no other support or proof, including even hearsay, offered by Plaintiff to support his conclusions. Indeed, Plaintiff's entire support for conditional certification is his "understanding," based on alleged "conversations" with some unidentified persons, that other registered nurses in the Hospital's medical surgical unit were similarly situated to his factual circumstances. Plaintiff provides no actual proof for such contentions. Similar to *Zheng*, *supra*, Plaintiff here has failed to identify any source or basis for this belief. This failure is detrimental to Plaintiff's ability to demonstrate that the other registered nurses in the medical surgical unit are similarly situated to Plaintiff.

12

Under the cases cited above (*see* pp. 4-6), even Plaintiff's vague reference to "conversations" with other nurses is insufficient to meet the modest burden required on a motion for conditional certification. Notably, as in *Zheng, supra*, in which the Court declinied to grant conditional certification based on near identical facts, Plaintiff has failed to identify a single source for such information. There is no documentation or other support for Plaintiff's beliefs. Thus, the allegations of the alleged schedules worked and unpaid overtime are purely speculation and insufficient to meet even the modest threshold required on this motion.

Moreover, the factual predicate for Plaintiff's "understanding" that other registered nurses in the medical surgical unit were actually hourly employees, and thus non-exempt, actually worked more overtime, and were not paid overtime, is **NOT** based on any first hand actual knowledge of these facts. *Id.* at ¶¶ 5-9. Rather, this information is purely the admitted speculation and surmise of Plaintiff that other individuals in the medical surgical unit worked the same hours as Plaintiff without overtime compensation during a time frame when he was no longer employed in that unit. There is nothing in Plaintiff's declaration or Complaint to support a finding that the other registered nurses within the medical surgical unit were similarly situated to Plaintiff. Instead, the record here reflects that a factual inquiry into each registered nurses' employment history would be necessary to determine if any overtime violation has occurred. This is not within the spirit or purpose of the collective action statute and, therefore, Plaintiff's motion for conditional certification should be denied. On these facts, Plaintiff has failed to meet even the modest threshold necessary to sustain conditional certification of this case. There is simply nothing in the record or offered by Plaintiff to demonstrate that the other nurses in the medical surgical unit were similarly situated to Plaintiff.

4098827v.2

**D.     Individualized Inquiries Within The Proposed**
**        Collective Would Pervade If Conditional Certification Is Granted**

Courts will typically deny conditional certification when adjudicating the claims of

plaintiff and the putative collective would require individualized analysis and inquiry. *See Diaz*

*v. Elec. Boutique of America, Inc.*, No. 04-CV-0840E, 2005 WL 2654270, at *5 (W.D.N.Y. Oct.

17, 2005); *see also Mike v. Safeco Ins. Co. of Am.*, 274 F. Supp. 2d 216, 220-21 (D. Conn. 2003).

Here, there are significant issues that need to be determined on an individualized basis with

respect to each person in the proposed collective, such as, for example, whether each person

allegedly worked sufficient hours to warrant overtime compensation and/or whether the other

potential opt-in plaintiff were subject to the same alleged schedule as recited by Plaintiff.

Another such issue is the applicability of an exemption from the FLSA overtime requirements

that may apply on an individual basis. Plaintiff's conclusory statements only aver that he

"understands" that other registered nurses in the medical surgical unit: (a) were compensated on

an hourly basis; (b) had a predetermined work schedule; (c) were required to work hours in

addition to that predetermined schedule; and (d) were not compensated for additional hours

worked beyond a predetermined schedule. Viriri Declaration at ¶¶ 5-8. These are all specific

factual inquiries unique to the individual registered nurses. For example, some registered nurses

may not have worked before or after their scheduled shifts or through lunch breaks. Moreover,

some registered nurses may have followed the protocols in place for submitting overtime and

would thus not be aggrieved as Plaintiff alleges he has been. Without more from Plaintiff on

these individualized determinations, this motion for conditional certification should be denied.

In addition, registered nurses are typically exempt from overtime under the FLSA, unless that

exemption is waived. 29 C.F.R. § 541.3; *see also* 29 U.S.C.A. § 213; Fact Sheet #17N: U.S.

Department of Labor Fact Sheet 17N: "Nurses and the Part 541 Exemptions Under the Fair

14

Labor Standards Act (FLSA)." The Hospital will be entitled to assert this defense, but that analysis of its application will likely result in analysis of each individual registered nurse's specific circumstances to determine the applicability of the exemption. Thus, the Hospital maintains individual defenses that cannot be litigated collectively as contemplated in a collective action.

As set forth above, Plaintiff's Complaint makes plain that he is alleging a FLSA violation based on the Hospital's alleged failure to calculate each hour actually worked by a particular employee, not that there was a common policy or practice that resulted in lack of overtime pay. To this end, the Hospital would have an individual defense to each potential opt-in plaintiff that joined the collective action. As such, a central purpose of a collective action, which is to stream line these cases, involving a common defense is unavailing here. In other words, each opt-in plaintiff's claim will have to be evaluated in and of itself, defended accordingly based on an individual basis, and adjudicated the same way. There is simply no common element amongst the registered nurses based on Plaintiff's allegations.

As such, Plaintiff's motion for conditional certification should be denied.

## POINT II

### THE STATUTE OF LIMITATIONS SHOULD NOT BE TOLLED IF CONDITIONAL COLLECTIVE ACTION CERTIFICATION IS GRANTED

In his Motion, Plaintiff requests that the Court toll the statute of limitations for the collective action members. The Court should deny this request.

The FLSA has a two year state of limitations "except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). The statute of limitations for each alleged collective action member, including

15

the representative plaintiff, continues to run until he or she files written consent with the court to join the lawsuit. *See id.*; 29 U.S.C. § 256(b); *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 260 (S.D.N.Y. 1997) ("[O]nly by 'opting in' will the statute of limitation period on potential plaintiffs' claims be tolled."). Courts have the power to equitably toll the statute of limitations "as a matter of fairness where a [party] has been prevented in some extraordinary way from exercising his rights." *Iavorski v. United States I.N.S.*, 232 F.3d 124, 129 (2d Cir. 2000). However, equitable tolling is only to be applied "in rare and exceptional circumstances." *Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003). "An extraordinary circumstance might exist if the employee shows that it would have been impossible for a reasonably prudent person to learn of the cause of action or if the defendant concealed from the plaintiff the existence of the cause of action." *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 449 (S.D.N.Y. 2011) (citations omitted).

Equitable tolling should be applied "as a matter of fairness where a [party] has been prevented in some extraordinary way from exercising his rights." *I avorski v. U.S. Immigration & Naturalization Servs.*, 232 F.3d 124, 129 (2d Cir.2000) (quoting *Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d Cir.1996)) (alteration in original). In the Second Circuit, equitable tolling can apply only when a party has "(1) has acted with reasonable diligence during the time period she seeks to have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." *Zerilli–Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80–81 (2d Cir.2003) (internal quotation marks omitted). When a movant does not provide any grounds showing equitable tolling may be appropriate, it will not be applied. *See Ouedraogo v. A–1 Int'l Courier Serv., Inc.*, No. 12–cv–5651 (AJN), 2013 WL 3466810, at *4 (S.D.N.Y. July 8, 2013). The most common circumstance where equitable tolling might apply to FLSA actions is where

16

the defendant has concealed the existence of a cause of action from the plaintiffs, and even then only if the plaintiffs had no actual notice of the right to bring an action. *Saunders v. City of New York*, 594 F.Supp.2d 346, 359 (S.D.N.Y.2008); *Gaspar v. Personal Touch Moving, Inc.*, No. 13–cv–8187 (AJN), 2014 WL 4593944, at *7 (S.D.N.Y. Sept. 15, 2014); *Gunawan v. Sake Sushi Rest*, 897 F.Supp.2d 76, 88 (E.D.N.Y. 2012). That is not the case here or the argument raised by Plaintiff.

Plaintiff has failed to meet the "extraordinary circumstances" that would warrant a tolling of the statute of limitations for those individuals who he believes are allegedly similarly situated. *See Hintergerger v. Catholic Health System*, No. 08-cv-380S, 2009 WL 3464134, at *14-15, n. 22 (W.D.N.Y. Oct. 21, 2009) (denying plaintiff's request for equitable tolling because plaintiff's rationale that individuals would not know about their rights until they received notice of the pending action was "not sufficient to meet [plaintiff's] burden of showing circumstances warranting tolling."); *see also Maldonado v. La Nueva Rampa, Inc.*, No. 10 Civ. 8195, 2012 WL 1669341, at *4 (S.D.N.Y. May 14, 2012) (denying motion for equitable tolling of FLSA limitations periods because the mere fact that defendants did not post required notices was insufficient to satisfy the "rare and extraordinary circumstances that warrant equitable tolling"); *Hosking v. New World Mortgage, Inc.*, 602 F. Supp. 2d 441, 447 (E.D.N.Y. 2009) (denying motion to equitable toll FLSA statute of limitations because defendants' initial default and non-participation did not satisfy extraordinary circumstances required for equitable tolling).

The only argument offered by Plaintiff for equitable tolling is the passage of time while the conditional certification motion is pending. As Plaintiff points out, some courts have found that "heavy dockets and understandable delays" may create an extraordinary circumstance that can be grounds for tolling. *See, e.g., McGlone v. Contract Callers, Inc.*, 867 F.Supp.2d 438, 445

17

(S.D.N.Y. 2012). That element of delay, however, is not present in this case. In addition, in a more recent case from the Southern District, the Court rejected this exact argument and found that because there were no extraordinary circumstances that created warranting equitable tolling of the FLSA statute of limitations simply by virtue of the pending conditional certification motion. *See e.g., Mark v. Gawker Media LLC*, No. 13-CV-4347 AJN, 2014 WL 5557489, at *3 (S.D.N.Y. Nov. 3, 2014); *See also Vasto v. Credico (USA) LLC*, No. 15 CIV. 9298 (PAE), 2016 WL 2658172, at *16 (S.D.N.Y. May 5, 2016) (delay while motion pending is not of a magnitude that would justify tolling); *Martin v. Sprint/united Mgmt. Co.*, No. 15 CIV. 5237 (PAE), 2016 WL 30334, at *16 (S.D.N.Y. Jan. 4, 2016) ("Moreover, less than two and a half months have transpired since the filing of the FAC. The Court, therefore, declines to equitably toll the statute of limitations "with the understanding that challenges to the timeliness of individual plaintiffs' actions will be entertained at a later date."). The time delay here between the date Plaintiff filed the complaint and this motion is not "extraordinary," and equitable tolling is available only in extraordinary circumstances. Therefore, such tolling should not apply here. *Id.* The facts are more in-line with the latter cases cited within the last year.

Accordingly, Plaintiff's request to equitably toll the FLSA statute of limitations period for the class should be denied.

## POINT III

### PLAINTIFF'S PROPOSED NOTICE AND CONSENT MUST BE MODIFIED IF CONDITIONAL CERTIFICATION IS GRANTED

If the Court permits notice to be sent to potential members of the collective action, the proposed Notice submitted by Plaintiff is defective in several respects and should not be approved as it is currently written. To that end, the Hospital would request an opportunity to

18

meet and confer with Plaintiff to prepare and submit a proper notice for court approval. *Martin v. Sprint/united Mgmt. Co.*, No. 15 CIV. 5237 (PAE), 2016 WL 30334, at *17 (S.D.N.Y. Jan. 4, 2016). By way of illustration, Plaintiff's proposed Notice should be modified because:

1.      The Notice Should Include Information Regarding the Hospital's Position

It is critical that the Notice contain a full and balanced disclosure of both parties' positions because this may be the first communication potential opt-in plaintiffs receive about this lawsuit. Plaintiff's proposed Notice includes a bare, brief statement that the Hospital denies Plaintiff's allegations and that Plaintiff is not entitled to damages. More is required to adequately set forth Plaintiff's position. *See Enriquez v. Cherry Hill Market Corp.*, No. 10--CV--5616 (FB)(ALC), 2012 WL 440691, at *4 (E.D.N.Y. Feb. 10, 2012) (ordering plaintiffs "to add such language to the paragraph setting forth the defendants' denial of liability"). Indeed, courts frequently direct plaintiffs to include a more expansive account of defendants' denials, as well as the status of the action, in the introduction section of a collective action notice. *Martin*, 2016 WL 30334, at *17; *Anjum v. J.C. Penney Co.*, No. 13 CV 460 RJD RER, 2015 WL 3603973, at *1 (E.D.N.Y. June 5, 2015); *see also Enriquez v. Cherry Hill Mkt. Corp.*, No. 10 Civ. 5616 (FB), 2012 WL 440691, at *4 (E.D.N.Y. Feb. 10, 2012) (approving language informing potential plaintiffs that defendants intend to move to decertify the collective action). "[P]roportionality" is "the key to assessing whether a proposed notice adequately captures the defendant's position." *Hernandez v. Merrill Lynch & Co.*, No. 11 Civ. 8472 (KBF), 2012 WL 1193836, at *5 (S.D.N.Y. Apr. 6, 2012) (collecting cases). Here, "[i]n review of the proposed notice, it is clear that plaintiffs' description of their case is lengthier [and more detailed] than the description of defendants' position." *Id.* at *5. Accordingly, Plaintiff should be directed to amend the Notice to include (1) a more fulsome statement of the Hospital's positions and defenses, and (2) an explicit

19

statement that the Court has not yet made any determination on the merits of Plaintiff's claims. To that end, in the event the Court determines to conditionally certify Plaintiff's proposed collective action, the Hospital requests inclusion of the following language:

> The Court has not made any determination as to the merits of Plaintiff's claims or your right to recover any sum of money from Defendant. Defendant denies all claims against it in this lawsuit, maintains that it has paid all employees appropriately and lawfully, and that Plaintiff's suit is meritless. Defendant denies that you are entitled to any of the damages, back pay, court costs, or attorney's fees sought in this lawsuit. Further, Defendant plans to request that the Court decertify the collective action as soon as possible and/or dismiss the lawsuit, as they have the right to do.

2. The Proposed Notice Should be Amended to Include
Information Regarding Plaintiff's Discovery Obligations and Costs

Plaintiff's proposed Notice makes little mention of the potential discovery obligations that each opt-in may be responsible for if they join this lawsuit. Specifically, Plaintiff only states that "A small percentage of you may be subject to having to respond to discovery requests for the Defendant and possibly be required to provide testimony." *See* Krakower Dec., Exhibit B at Section 5. This misstates that actual obligation of the putative class members.

Language should be added that advises each prospective opt-in that they may need to respond to interrogatories, produce documents and information, appear at a deposition, and otherwise participate in the discovery process. The Notice must inform the putative collective about these obligations so that they can make an informed decision about whether or not to opt into the lawsuit. *See Hernandez v. Immortal Rise, Inc.*, No. 11 CV 4360 (RRM)(LB), 2012 WL 4369746, at *7 (E.D.N.Y. Sept. 24, 2012) (revising proposed notice to include language informing collective that if they opt into the lawsuit they will have obligations to participate in discovery).

4098827v.2

Moreover, costs may be assessed against Plaintiff and the opt-in plaintiffs should the Hospital later be deemed a "prevailing party." *See Kuznyetsov v. West Penn Allegheny Health Sys.*, 2014 WL 5393182 (W.D. Penn. Oct. 23, 2014) (granting defendants $60,890.97 in eDiscovery and other costs taxed to the plaintiffs after decertification of a collective action pursuant to 29 U.S.C § 216(b)); *Lochridge v. Lindsey Mgmt. Co.*, 824 F.3d 780, 783 (8th Cir. 2016) (awarding prevailing party employer costs).    Thus, additional language warning of the risks of a taxation of costs should be incorporated in the proposed Notice.

    3.    <u>Consent Forms Should Not be Sent Directly to Plaintiff's Attorney</u>

Plaintiff's proposal to have opt-ins send their consent forms directly to Plaintiff's attorney has been rejected by the courts in this district because it discourages opt-in plaintiffs from selecting their own counsel.  Accordingly, the Hospital requests that the notice be modified to direct opt-in plaintiffs to file their consent forms with the Court. *See Diaz v. S&H Bondi's Dept. Store, Inc.*, No. 10 Civ. 7676 (PGG), 2012 WL 137460 (S.D.N.Y. Jan. 17, 2012) (directing consent forms to be mailed to the Clerk of the Court); *Hallissey v. America Online, Inc.*, No. 99-CIV-3785 (KTD), 2008 WL 465112, at *4 (S.D.N.Y. Feb. 19, 2008) (requiring consent forms to be mailed to the Clerk of the Court because of concerns that a contrary ruling might discourage opt-in plaintiffs from retaining their own counsel).

On a similar note, Plaintiff's statement that "your claim may lose value due to the passage of time," if you consult your own attorney should be stricken. (Notice p. 3.)  This statement discourages persons from using their own counsel.

4.     There Should Be A Description of Brian Viriri So Potential Opt-In
       Plaintiffs Can Make An Informed Decision If They Want Him To Be Their Agent

The proposed Notice should also include a brief description of the named Plaintiff in order to give potential opt-in plaintiffs information as to whether they believe he is an appropriate representative and their agent. Here, it is important for the potential opt-in plaintiffs to make an informed decision about opting into a collective action and waiving their right to proceed individually and consenting to Plaintiff representing the class is an important element in that decision. Therefore, the proposed notice should sufficiently identify Plaintiff, his years of employment with the Hospital, and his position therein and dates of service in the medical surgical unit.

5.     The "Legal Effect Of Not Filing The Consent Form" Is Threatening

As drafted, Section 8 of the Notice comes across threatening to potential opt-in plaintiffs. The provision starts by informing potential opt-in plaintiffs that they will not receive any money or other relief under the FLSA unless they join this lawsuit. It then goes on to advise said persons that if they choose to file their own lawsuit their claim may lose value. These statements need to be revised to ensure accuracy under the laws and a fuller explanation of the options available to the opt-in plaintiffs.

## CONCLUSION

For the foregoing reasons, the Hospital respectfully requests that Plaintiff's motion for conditional certification is denied in its entirety. To the extent the Court grants Plaintiff's motion, the Hospital submits that Plaintiff's proposed Notice of Pendency of FLSA Lawsuit is improper in its current form and that Plaintiff is directed to revise and modify the Notice in accordance with applicable law and those deficiencies highlighted herein for the Hospital's

22

review and comment and resubmission to the court for approval.  The Hospital also respectfully

requests such other and further relief as this Court deems just, necessary, and proper.

Dated: Great Neck, New York
      November 14, 2016

                                    GARFUNKEL WILD, P.C.
                                    *Attorneys for Defendant*
                                    *White Plains Hospital Medical Center*

                          By:   */s/ Salvatore Puccio*
                                    Andrew L. Zwerling
                                    Salvatore Puccio
                                    Michael J. Keane, Jr.
                          111 Great Neck Road
                          Great Neck, New York  11021
                          (516) 393-2200

TO:   Todd Krakower, Esq.
       Erika Minerowicz, Esq.
       KRAKOWER DICHIARA, LLC
       *Attorneys for Plaintiff*
       One Depot Square
       77 Market Street, Suite 2
       Park Ridge, New Jersey  07656
       (201) 746-6333

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing Memorandum Of

Law In Opposition To Plaintiff's Motion For Conditional Collective Certification was served on

the following counsel of record for Plaintiff via ECF on November 14, 2016:

Todd Krakower, Esq. (tk@kdlawllc.com)
Erika Minerowicz, Esq. (em@kdlawllc.com)
KRAKOWER DICHIARA, LLC
One Depot Square
77 Market Street, Suite 2
Park Ridge, New Jersey  07656
(201) 746-6333

_/s/ Salvatore Puccio_
Salvatore Puccio